# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANE JEANSONNE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-267-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Shane Jeansonne pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On appeal, he challenges the substantive reasonableness of his 97-month, within-guidelines prison sentence.

A rebuttable presumption of reasonableness applies on appellate review to a properly calculated, within-guidelines sentence. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30370

*Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  A defendant rebuts the presumption by showing that the sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing sentencing factors.  *Id.*

Jeansonne argues that the district court abused its discretion in imposing a 97-month prison term.  In particular, he contends that the term is greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors, the district court clearly erred in balancing the factors, his mitigating evidence significantly outweighed the aggravating factors presented by the Government, and his arguments successfully rebut the appellate presumption of reasonableness.

The record reflects that the district court considered Jeansonne's mitigation arguments, his statutory maximum sentence of 20 years, his guidelines range, and the § 3553(a) factors.  After consideration, the court concluded that a bottom-of-the-guidelines sentence was appropriate.  Given that the district court was in a superior position to find facts and judge their import under § 3553(a), Jeansonne's arguments are insufficient to rebut the presumption of reasonableness.  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *see, e.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.